UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JERMAINE MCGINNIS,

                Plaintiff,

-against-                                  9:13-cv-1538 (LEK/DJS)

JOHN D. CRISSELL, *et al.*,

                Defendants.

**DECISION and ORDER**

**I.    INTRODUCTION**

Presently before the Court is Plaintiff's Motion for preliminary injunctive relief. Dkt. No. 81 ("Motion"). Defendants oppose the Motion. Dkt. No. 96 ("Opposition").

**II.    DISCUSSION**

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs., 769 F.3d 105, 110 (2d Cir. 2014) (quoting Lynch v. City of New York, 589 F.3d 94, 98 (2d Cir. 2009)). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. Cacchillo v. Insmed, Inc., 638 F.3d 401, 406 (2d Cir. 2011) (citing Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where

extreme or very serious damage will result from a denial of preliminary relief." Cacchillo, 638 F.3d at 406 (citing Citigroup Global Mkts., 598 F.3d at 35 n.4); see also Tom Doherty Assocs., Inc. v. Saban Entm't, Inc., 60 F.3d 27, 33-34 (2d Cir. 1995) (stating that a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, 965 F.2d 1224, 1228 (2d Cir. 1992); Perri v. Bloomberg, No. 06-CV-0403, 2008 WL 2944642, at *2 (E.D.N.Y. Jul. 31, 2008). The district court has wide discretion in determining whether to grant preliminary injunctive relief. Moore v. Consol. Edison Co. of N.Y., 409 F.3d 506, 510 (2d Cir. 2005).

The alleged violation of a constitutional right generally satisfies a plaintiff's burden to demonstrate irreparable harm. Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996). "However, the moving party must establish that without the preliminary injunction, he will suffer an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." Amaker v. Fischer, No. 10-CV-0977A, 2012 WL 8020777, at *2 (W.D.N.Y. Sept. 28, 2012). Moreover, a finding of irreparable harm cannot be based solely upon past conduct. Id. (finding that plaintiff had not demonstrated irreparable harm where he sought injunctive relief based solely upon allegations of past injury, including interference with his legal mail).

On November 25, 2013, Plaintiff filed his original Complaint, asserting claims arising out of his confinement at Broome County Jail. See Dkt. No. 1 ("Complaint"). At that time, Plaintiff was

2

confined to Groveland Correctional Facility ("Groveland C.F.").¹ See id. at 1. On November 17, 2014, after being transferred several times, Plaintiff filed a Notice of change of address indicating that he was confined to Southport Correctional Facility ("Southport C.F."). Dkt. No. 61. On April 10, 2015, Plaintiff filed the within motion for a temporary restraining order, arguing that he is "not safe" and that he has been "red-tagged in the Upstate area." See Mot. at 1. Plaintiff makes vague references to unspecified instances of assault, food tampering, and rape that allegedly occurred during his confinement at various DOCCS facilities. See id. at 1, 2, 15. Plaintiff asks to be transferred to Downstate Correctional Facility ("Downstate C.F.") where he will be "free from further assaults." See id. at 2.

Plaintiff is no longer confined at Southport C.F. On May 8, 2015, Plaintiff filed a Notice of Change of Address indicating that he was confined at Auburn Correctional Facility. Dkt. No. 96. On August 31, 2015, Plaintiff filed another Notice of change of address indicating that he is currently confined at Central New York Psychiatric Center ("CNY PC"). Dkt. No. 123. Plaintiff's transfer from Southport C.F., and other DOCCS facilities, renders his request for injunctive relief against officers there moot. See, e.g., Thompson v. Carter, 284 F.3d 411, 415 (2d Cir. 2002) ("A

---

¹ Plaintiff was transferred from Groveland C.F. to Collins Correctional Facility ("Collins C.F.") and Attica Correctional Facility ("Attica C.F."). Dkt. Nos. 21, 29. On May 14, 2014, while confined to Attica C.F., Plaintiff filed a Second Amended Complaint. Dkt. No. 33 ("Second Amended Complaint"). On August 21, 2014, Plaintiff filed a Notice of change of address indicating that he was confined to Clinton Correctional Facility ("Clinton C.F."). Dkt. No. 44. In a Decision and Order dated September 11, 2014, Senior United States District Judge Thomas J. McAvoy reviewed Plaintiff's Second Amended Complaint and determined that it failed to state a claim upon which relief could be granted, and was therefore subject to dismissal. Sec. Am. Compl.; see also Dkt. No. 49 ("September Order") at 7-8. In light of his *pro se* status, Plaintiff was afforded the opportunity to file another amended complaint. Id. at 8. On October 14, 2014, Plaintiff filed a Third Amended Complaint, which is the operative pleading herein. See Dkt. No. 58 ("Third Amended Complaint").

3

prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility."). Further fatal to Plaintiff's Motion is his failure to identify the individuals that he seeks to enjoin. The Defendants herein are not employed at Southport C.F. or any of the DOCCS facilities referenced in Plaintiff's Motion. Thus, the Court lacks subject matter jurisdiction to issue injunctive relief. See Kearney v. N.Y.S. D.O.C.S., No. 11-CV-1281, 2012 WL 5931399, at *3 (N.D.N.Y. Nov. 27, 2012) (rejecting the plaintiff's attempt to enjoin a doctor who was not a party to the action).

To the extent that Plaintiff seeks a transfer to Downstate C.F., the law is clear that an inmate does not have the right to be confined to the facility of his choosing. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Plaintiff's request to be transferred to Downstate C.F. is therefore denied.

Upon review, the Court finds that Plaintiff has not made the showing required for the issuance of mandatory injunctive relief. Plaintiff has failed to demonstrate a likelihood of succeeding on the merits of his claims, to provide evidence of sufficiently serious questions going to the merits of the claim, or showing that a balance of hardships tips decidedly in his favor. See Covino v. Patrissi, 967 F.2d 73, 77 (2d Cir. 1992).

For the foregoing reasons, Plaintiff's Motion for preliminary injunctive relief is denied with leave to renew.

### III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 81) for preliminary injunctive relief is **DENIED** with leave to renew; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order on

Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: October 08, 2015
Albany, New York

_Lawrence E. Kahn_
Lawrence E. Kahn
U.S. District Judge