UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JERMAINE MCGINNIS,

                Plaintiff,

-against-                                    9:13-cv-1538 (LEK/DJS)

JOHN D. CRISSELL, *et al.*,

                Defendants.

## DECISION and ORDER

**I.    INTRODUCTION**

On October 8, 2015, the Court issued a Decision and Order denying Plaintiff's Motion for preliminary injunctive relief. Dkt. No. 128 ("October Order"). Presently before the Court is Plaintiff's Motion for reconsideration of the October Order. Dkt. No. 129 ("Motion"). Defendants oppose the Motion. Dkt. No. 132 ("Opposition").

**II.    DISCUSSION**

A court may reconsider a previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence comes to light that was not previously available; or (3) it is necessary to remedy a clear error of law or prevent manifest injustice. Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). The standard for granting a motion for reconsideration is strict and should not be granted where the party seeks to relitigate an issue already decided. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The standard for obtaining preliminary injunctive relief was discussed in the October Order and will not be repeated herein. See Oct. Order at 1-2.

In his original motion for preliminary injunctive relief, Plaintiff alleged that he was

subjected to unspecified instances of assault, food tampering, and rape that allegedly occurred during his confinement at various DOCCS facilities. See Dkt. No. 81 at 1, 2, 15. At the time he filed the motion, Plaintiff was confined at Southport Correctional Facility ("Southport C.F.") and asked to be transferred to Downstate Correctional Facility ("Downstate C.F.") to be "free from further assaults." See id. at 2; see also Oct. Order at 3. Plaintiff was subsequently transferred out of Southport C.F. and when the Court issued the October Order, Plaintiff was confined at Central New York Psychiatric Center ("CNY/PC"). See Oct. Order at 3. Plaintiff is still confined at CNY/PC.

In the October Order, the Court denied Plaintiff's motion for injunctive relief holding that Plaintiff's transfer from Southport C.F. rendered his request for injunctive relief moot. See id. at 3. The Court also noted that Plaintiff failed to identify the officers whom he sought to enjoin. See id. at 4. The Court concluded:

> The Defendants herein are not employed at Southport C.F. or any of the DOCCS facilities referenced in Plaintiff's Motion. Thus, the Court lacks subject matter jurisdiction to issue injunctive relief. See Kearney v. N.Y.S. D.O.C.S., No. 11-CV-1281, 2012 WL 5931399, at *3 (N.D.N.Y. Nov. 27, 2012) (rejecting the plaintiff's attempt to enjoin a doctor who was not a party to the action).
>
> To the extent that Plaintiff seeks a transfer to Downstate C.F., the law is clear that an inmate does not have the right to be confined to the facility of his choosing. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Plaintiff's request to be transferred to Downstate C.F. is therefore denied.

Oct. Order at 4.

Plaintiff's recent submissions include unspecified allegations relating to his confinement in CNY/PC, his conspiracy claim, his right to "a day in court," and Defendants' failure to comply with discovery. Mot.; Dkt. No. 136 at 1-2. The Court finds that Plaintiff has not presented any new arguments, facts, or caselaw to warrant reconsideration of the Court's October Order. Plaintiff's present Motion lacks any further facts or law that may be weighed by the Court in support of

reconsideration. Plaintiff fails to demonstrate that the Court disregarded facts that resulted in clear error or manifest injustice.

## III. CONCLUSION

Accordingly, it is hereby:

**ORDERED,** that Plaintiff's Motion (Dkt. No. 129) for reconsideration is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:　　December 30, 2015
　　　　　　Albany, New York

Lawrence E. Kahn
U.S. District Judge