UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JERMAINE MCGINNIS,

                Plaintiff,

   -against-                                       9:13-cv-1538 (LEK/DJS)

JOHN D. CRISSELL, *et al.*,

                Defendants.

## **DECISION and ORDER**

**I.    INTRODUCTION**

*Pro se* Plaintiff Jermaine McGinnis ("Plaintiff") commenced this civil rights action alleging violations of his constitutional rights arising out of his confinement at the Broome County Jail ("the Jail"). Presently before the Court is Defendant Bill Brown's ("Brown") Motion to dismiss Plaintiff's Complaint. Dkt. Nos. 134 ("Motion"); 134-2 ("Memorandum"). Plaintiff has opposed the Motion. Dkt. Nos. 149 ("First Opposition"); 150 ("Second Opposition").[1] Plaintiff also cross-moves for an extension of time to conduct discovery, for sanctions, and for service upon the unserved Defendants. First Opp'n; Dkt. Nos. 151 ("Discovery Cross-Motion"); 152 ("Sanctions Cross-Motion").[2]

---

[1] Plaintiff's submission at Dkt. No. 149 should be titled "Plaintiff's Opposition to Defendant's Motion and Cross-Motion for an Extension of Time to Conduct Discovery." Likewise, Plaintiff's submission at Dkt. No. 150 shall be identified as "Plaintiff's Further Opposition to Defendant's Motion to Dismiss." The Clerk of the Court is directed to amend the docket accordingly.

[2] Plaintiff's submission at Dkt. No. 151 should be titled "Plaintiff's Letter in Further Support of Cross-Motion for an Extension of Time to Conduct Discovery." Plaintiff's submission at Dkt. No. 152 should be titled "Plaintiff's Cross-Motion for Sanctions and for Assistance with Service."

## II. RELEVANT BACKGROUND

On November 25, 2013, Plaintiff commenced this action asserting claims arising out of his confinement at the Jail pursuant to 42 U.S.C. § 1983. Dkt. No. 1 ("Complaint"). Following initial review of Plaintiff's Third Amended Complaint, Dkt. No. 58, the Court found on February 11, 2015 that Plaintiff's Eighth Amendment excessive force claims against Defendants John D. Crissell ("Crissell"), John Doe #1, and John Doe #2 along with allegations related to deliberate indifference to a serious medical need against Defendants Carrin Vandegreke ("Vandegreke") and Steven Phillips ("Phillips") survived review and directed Defendants to respond. Dkt. No. 67 ("February Order") at 9-11. The Court found that Plaintiff failed to set forth facts plausibly suggesting that Brown violated Plaintiff's Fourteenth Amendment rights. Id. at 5. No other claims were asserted against Brown. The Court then dismissed all claims against Brown as well as two other named defendants.[3] Id. at 15-16.

On February 11, 2015, Summonses were issued for service upon Crissell, Phillips, and Vandegreke at Broome County Jail, 155 Van Winkle Drive, Binghamton, NY 13902. Dkt. No. 68. Due to an error in the Clerk's Office, a Summons was also issued to Brown at the same location. Id. On February 13, 2015, the U.S. Marshal attempted to personally serve the Defendants at the Jail. In March 2015, the U.S. Marshals Receipt ("USM-285") was returned unexecuted as to Crissell, Phillips, and Vandegreke with the notation that "no person by the above name is employed by the Broome County Sheriff's Office." Dkt. Nos. 72; 73; 74. On March 25, 2015, Brown submitted an Answer to Plaintiff's Third Amended Complaint. Dkt. No. 77 ("Answer").

In April 2015, Plaintiff filed a Motion for substituted service via publication upon Crissell,

---

[3] Due to a clerical error, Brown was inadvertently omitted from this sentence.

Vandegreke, and Phillips. Dkt. No. 80. In June 2015, Plaintiff filed a Motion for sanctions and a Motion to compel discovery. Dkt. No. 102. On July 20, 2015, the Court issued an Order denying Plaintiff's request for sanctions and to compel; in the Order, the Court held that Brown complied with the Mandatory Pretrial Discovery and Scheduling Order. Dkt. No. 111 at 7. The Court further noted that some of Plaintiff's demands were directed at Crissell, who had not been served. See id. at 8. On July 31, 2015, the Court issued an Order denying Plaintiff's Motion for substituted service. Dkt. No. 116. The Court expressed serious doubts that Plaintiff had named the proper individuals given the USM-285 forms and the low likelihood of successful notice through publication. Id. at 4-5. Plaintiff was advised to use the discovery tools at his disposal to verify that he had named the correct individuals and to move to amend his Complaint accordingly. Id. at 5.

## III. BROWN'S MOTION TO DISMISS

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also FED. R. CIV. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Defendant Brown argues that dismissal is warranted because the only claim against him, a

3

due process claim, was previously dismissed with prejudice. Mem. at 5.[4] Brown cites to the February Order and the Court's holding with respect to the Fourteenth Amendment claim against Brown and Harder. Id. In his Opposition, Plaintiff does not offer any substantive argument contradicting Defendant's assertions. Rather, Plaintiff summarily argues that the Court should "strike the defendant's motion to dismiss" and indicates that he intends to file a "motion to dismiss the defendant's motion against me." First Opp'n at 1; Second Opp'n at 1. Based upon the February Order, Brown's Motion is granted.

## IV. PLAINTIFF'S CROSS-MOTIONS AGAINST BROWN

In light of the Court's decision with respect to Brown's Motion to dismiss, Plaintiff's Cross-Motion for sanctions and for assistance with discovery are denied as no Defendant remains in this case. With respect to Plaintiff's Cross-Motion for service on unserved Defendants Crissell, Vandegreke, and Phillips, Plaintiff asks for "a marshall to serve the remaining defendants with the 1983 complaint . . . ." Dkt. No. 152 at 2. Plaintiff does not describe or further specify how service should be achieved. Plaintiff also names two John Doe defendants who have not been identified.[5]

In Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Second Circuit held that a *pro se* litigant is entitled to assistance in identifying defendants. When a prisoner does not know the identities of the individuals who allegedly violated his constitutional rights, it is appropriate to

---

[4] The pagination used is that assigned by the Court's electronic filing system as opposed to the pagination in the original document.

[5] Plaintiff is advised that the United States Marshals Service cannot effect service on a John Doe defendant. Therefore, if Plaintiff wishes to pursue his claims against the John Doe defendants, he must take reasonable steps to ascertain the defendants' identity through discovery or otherwise. Upon learning the identity of a Doe defendant, Plaintiff must amend his Complaint to properly name that person. If Plaintiff fails to ascertain the identity of any Doe defendant so as to permit the timely service of process, this action will be dismissed as against that individual.

maintain "supervisory personnel as defendants . . . until the plaintiff has been afforded an opportunity through at least brief discovery to identify the subordinate officials who have personal liability." Davis v. Kelly, 160 F.3d 917, 921-22 (2d Cir. 1998).

In this instance, while Plaintiff has identified the remaining Defendants, attempts to serve these individuals have been unsuccessful. The notations on the USM-285 forms are vague and unspecific. Thus, it is unclear whether Plaintiff has named the wrong individuals or, in the alternative, has named the appropriate individuals but they are no longer employed at the Jail. Plaintiff is still incarcerated and has provided enough information to allow supervisory personnel to identify and/or locate these individuals. Consequently, to resolve this issue, the Court will allow Plaintiff to name Harder as a Defendant, even though the Court previously dismissed all claims against Harder; solely for the purposes of conducting discovery as to the remaining Defendants. Plaintiff must confirm that he properly identified the remaining Defendants. Once identification has been established, information regarding Defendants' past and present employment status at the Jail shall be provided in order to effectuate service. See Gregg v. Kennedy, No. 09 CV 2512, 2009 WL 4065043, at *1 (E.D.N.Y. Nov. 19, 2009) (relying upon Valentin to direct Corporation Counsel to provide information so that the defendants could be served); see also Hunter v. Hill, No. 04 CV 920, 2009 WL 483154, at *2 (W.D.N.Y. Feb. 25, 2009) (directing Erie County Attorney's Office to ascertain whether the named Deputy Sheriff was employed with the Department at the time of the events in the complaint and if so, to provide to the Court, in camera, the individual's current address for service). Plaintiff may seek through discovery additional information to properly locate the named Defendants and identify the John Doe defendant(s). See Peralta v. Doe, No. 04-CV-6559, 2005 WL 357358, at *2 (W.D.N.Y. Jan. 24, 2005). Harder will remain as a Defendant in this

5

lawsuit until Plaintiff has been afforded an opportunity to conduct discovery related to the identity of the Defendants. See Murphy v. Goord, 445 F. Supp. 2d 261, 266-67 (W.D.N.Y. 2006) (refusing to dismiss the Elmira Superintendent despite the lack of allegations establishing personal involvement and permitting the plaintiff to proceed with discovery to ascertain the identities of John Doe defendants). Due to the opportunity afforded to him to conduct this discovery, Plaintiff's Motion for service is therefore denied.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Clerk of the Court is directed to amend the docket in accordance with this Order; and it is further

**ORDERED,** that Defendant Brown's Motion (Dkt. No. 134) to dismiss is **GRANTED**; and it is further

**ORDERED**, that Brown is **DISMISSED** as a Defendant in this action; and it is further

**ORDERED** that Plaintiff's Motion (Dkt. No. 152) for sanctions is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion (Dkt. Nos. 149; 151) for an extension of time to conduct discovery is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 152) for service is **DENIED**; and it is further

**ORDERED**, that Sheriff Harder be added as a Defendant to this action for the sole purpose of permitting service and discovery; and it is further

**ORDERED**, that the Clerk shall issue a summons for Defendant Harder and forward it, along with copies of the Third Amended Complaint, to the United States Marshal for service upon

Harder. The Clerk shall forward a copy of the Summons and Third Amended Complaint to the Office of the County Attorney for Broome County, together with a copy of this Decision and Order; and it is further

**ORDERED**, that upon the proper identification of and service of process upon Defendants, a response to the Plaintiff's Third Amended Complaint be filed by Defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that Plaintiff continue to take reasonable steps to ascertain the identity of Defendants. Plaintiff's failure to ascertain the identity of Defendants will result in the dismissal of this action; and it is further

**ORDERED**, that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket**. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: June 07, 2016
           Albany, New York

Lawrence E. Kahn
U.S. District Judge