**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JERMAINE MCGINNIS,

                          Plaintiff,

          - v -                                     Civ. No. 9:13-CV-1538
                                                                                  (LEK/DJS)

JOHN D. CRISSELL, *et al*,

                          Defendants.

**DANIEL J. STEWART**
**United States Magistrate Judge**

# ORDER

In response to this Court's Order, dated March 1, 2017, Assistant Broome County Attorney Leia D. Schmidt, Esq., has confirmed that an individual named Phillip Stephens is currently employed by Broome County in the Corrections Division and that she would accept service on his behalf. Dkt. No. 207.

Accordingly, the Docket Report shall be amended to reflect the correct name of Defendant "Steven Phillips" as "Phillip Stephens" and the Third Amended Complaint (Dkt. No. 58) shall be deemed amended to the extent that all references to "Steven Phillips" shall be construed as references to "Phillip Stephens." The Clerk of the Court shall issue a new Summons which shall be served on the Broome County Attorney's Office, where attorney Leah Schmidt has agreed to accept service on behalf of Mr. Stephens.

On June 8, 2016, the Honorable Lawrence E. Kahn, Senior United States District Judge, issued a Decision and Order, which, *inter alia*, dismissed the sole Defendant who had appeared in the action, leaving only misnamed or Doe Defendants. Dkt. No. 161. Because of this predicament, Judge Kahn directed, based upon *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the addition of

Sheriff Harder to this action "solely for the purposes of conducting discovery as to the remaining Defendants." Dkt. No. 161 at p. 5. Judge Kahn further noted that "Harder will remain as a Defendant in this lawsuit until Plaintiff has been afforded an opportunity to conduct discovery related to the identity of the Defendants." *Id*. at pp. 5-6. Now, in light of the fact that two Broome County employees have been identified, and service will be accepted on their behalf, there appears to be no further need for the Broome County Sheriff to remain as a Defendant in this matter. Accordingly, the Court directs the Clerk of the Court to terminate Sheriff Harder from this action.[1]

**WHEREFORE**, it is hereby

**ORDERED**, that the Docket Report shall be amended to reflect the correct name of Defendant "Steven Phillips" as "Phillip Stephens," and any references to the former in the Third Amended Complaint shall be construed as a reference to the latter; and it is further

**ORDERED**, that the Clerk of the Court shall issue a Summons for Phillip Stephens and forward it, along with a copy of the Third Amended Complaint and this Order, to the Office of the County Attorney for Broome County, located at 60 Hawley Street, P.O. Box 1766, Binghamton, N.Y. 13902, and it is further

**ORDERED**, that a response to Plaintiff's Third Amended Complaint shall be filed by Defendant Stephens or his counsel in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that the Clerk of the Court shall terminate Sheriff Harder from this action; and it is further

---

[1] Because the undersigned interprets the "*Valentin*" addition of Sheriff Harder to this matter to be an administrative addition, there is no need for a recommendation of dismissal as his termination from this lawsuit has no bearing on the merits of the claims of any party.

**ORDERED**, that as to all other unserved Defendants, Plaintiff must continue to take reasonable steps to ascertain the identity of the other Defendants, including the proper name for the Nurse whom he encountered, as well as the Doe Defendants. Plaintiff's failure to ascertain the unserved Defendants' identities will result in the dismissal of the claims against them; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on the parties in accordance with the Local Rules.

Pursuant to FED R. CIV. P. 72(a), the parties have fourteen (14) days[2] within which to file written objections to the foregoing discovery order. Such objections shall be filed with the Clerk of the Court. As specifically noted in Rule 72(a) "[a] party may not assign as error a defect in the order not timely objected to."

**SO ORDERED**.

Date: March 8, 2017
    Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).