UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JERMAINE MCGINNIS,

                        Plaintiff,

    -against-                                      9:13-CV-1538 (LEK/DJS)

JONATHAN CRISSEL, *et al.*,

                        Defendants.

_____

## AMENDED DECISION AND ORDER

**I.    INTRODUCTION**

Presently before the Court is an appeal of an order filed by Magistrate Judge Daniel J. Stewart, dated March 1, 2017. Dkt. No. 203 ("Order"). The Order denies pro se plaintiff Jermaine McGinnis's motion to compel and motion for sanctions. Dkt. Nos. 165 ("Motion to Compel"), 175 ("Motion for Sanctions"). Plaintiff appealed the Order. Dkt. No. 210 ("Appeal"). For the following reasons, the Appeal is denied.

**II.    BACKGROUND**

Plaintiff's third amended complaint, which is the operative pleading in this case, alleges violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments arising out of an alleged assault during his confinement at Broome County Jail. Dkt. No. 58 ("Third Amended Complaint"). Plaintiff alleges that on September 15, 2011, after asking to see "someone from mental health," he was taken out of his cell and assaulted by defendants Crissel and John Doe #1, apparently because Plaintiff committed a particularly heinous crime prior to his incarceration. Id. ¶¶ 8, 11–13. Plaintiff's head was slammed into the wall several times and he was punched in the ribs, stomach, and chest. Id. As Plaintiff, Crissel, and Doe #1 neared the mental health office,

a third Defendant, John Doe #2, came up behind Plaintiff and began to punch him in the back, head, and face. Id. ¶ 14. Plaintiff was also repeatedly kicked "in [his] anus" and believes this is when "[he] deficated [sic] on [himself]." Id. ¶ 16. Defendants then alerted the nurse from the mental health office and allegedly stated, "This here is McGinnis, The Baby Burner." Id. ¶ 19. Plaintiff was taken into the office and led to a cell where he was told to remove all of his clothes. Id. ¶¶ 20–22. Plaintiff requested treatment for his injuries, but that request was denied and he was required to remain in the cell without treatment for seven to ten days. Id. ¶ 26. Plaintiff submitted a complaint to the grievance officer following this incident but was met with hostility for complaining about the officer's "friend." Id. ¶¶ 31–32. Plaintiff was threatened by Crissel several times for making the report and was eventually sent to Elmira Correctional Facility, where he received medical treatment and underwent surgery for his injuries. Id. ¶¶ 34, 36, 39–40.

On June 16, 2016, Plaintiff filed the Motion to Compel, arguing that Defendants had failed to provide information that he previously demanded. Mot. to Compel at 1–2. On August 25, 2016, Plaintiff filed the Motion for Sanctions, claiming that his discovery demands had been ignored. Mot. for Sanctions at 1. A telephone conference was held with Judge Stewart and the parties on February 21, 2017. Dkt. No. 200. At the close of this conference, Judge Stewart denied Plaintiff's Motion to Compel and Motion for Sanctions, and Judge Stewart memorialized the decision on March 1, 2017. Order. Plaintiff filed his Appeal on March 17, 2017. Appeal.

### III. LEGAL STANDARD

In reviewing a magistrate judge's orders concerning non-dispositive matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or contrary to law." Arista Records, LLC v.

Doe 3, 604 F.3d 110, 116 (2d Cir. 2010) (quoting Fed. R. Civ. P. 72(a)). An order is "'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); accord Easley v. Cromartie, 532 U.S. 234, 242 (2001) (quoting U.S. Gypsum Co., 333 U.S. at 395). An order is contrary to law if "it fails to apply or misapplies relevant statutes, case law or rules of procedure." Tompkins v. R.J. Reynolds Tobacco Co., 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000) (quoting Thompson v. Keane, No. 95-CV-2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996)); accord New York v. Salazar, No. 08-CV-644, 2011 WL 1938232, at *4 (N.D.N.Y. Mar. 8, 2011) (Kahn, J.).

"[A] magistrate judge is afforded broad discretion when resolving discovery disputes and a reversal is appropriate only if the district judge finds that discretion is abused." Moore v. Publicis Groupe SA, No. 11-CV-1279, 2012 WL 517207, at *1 (S.D.N.Y. Feb. 14, 2012); see also Leviton Mfg. Co., Inc. v. Greenberg Traurig LLP, No. 09-CV-8083, 2011 WL 2946380, at *1 (S.D.N.Y. July 14, 2011) ("It is well-settled that a magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." (quoting RMED Int'l Inc. v. Sloan's Supermarkets, Inc., No. 94-CV-5587, 2000 WL 420548, at *2 (S.D.N.Y. Apr. 18, 2000))). "Thus 'a party seeking to overturn a discovery order bears a heavy burden.'" Moore, 2012 WL 517207, at *1 (quoting AP Links, LLC v. Glob. Golf, Inc., No. 08-CV-1730, 2011 WL 888261, at *4 (E.D.N.Y. Mar 14, 2011)).

## IV. DISCUSSION

In his Appeal, Plaintiff states that he "object[s] to the denied compel [sic] disclosure of certain items discovery because [he] sent the demands to the defendant's counsel." Appeal at 1. However, the docket does not support Plaintiff's claim that he sent discovery demands to Defendants. Moreover, Defendants' counsel, Leia D. Schmidt, denies receiving any discovery demands from Plaintiff. Dkt. No. 190 ("Schmidt Affidavit") ¶¶ 3–4. Judge Stewart correctly held that "the record is clear that Plaintiff McGinnis never sent any demands to Defendant's [sic] counsel requesting specific discovery, nor did he exercise good faith in attempting to resolve any discovery dispute prior to the filing of the present Motions." Order at 2.

Even though Plaintiff failed to submit discovery demands prior to filing his Motion to Compel, Judge Stewart thoughtfully construed the Motion as a properly served discovery demand and issued orders in Plaintiff's favor. Since Defendants did not impede the discovery process, there is no basis for issuing sanctions against them, and Judge Stewart correctly denied Plaintiff's Motion for Sanctions.

The Court has reviewed Judge Stewart's well-reasoned Order and has found no clear error.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Appeal (Dkt. No. 210) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: September 29, 2017
Albany, New York

Lawrence E. Kahn
U.S. District Judge