**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JERMAINE MCGINNIS,

                        Plaintiff,

     - v -                                   Civ. No. 9:13-CV-1538
                                                       (LEK/DJS)

JONATHAN CRISSELL; JOHN DOE #1; ADAM
VALLIS; CARRIN VANDEGREKE; and PHILLIP
STEPHENS,

                        Defendants.

**APPEARANCES:**                                    **OF COUNSEL:**

JERMAINE MCCGINNIS
Plaintiff, *Pro Se*

BROOME COUNTY ATTORNEY               ROBERT G. BEHNKE, ESQ.
Broome County Attorney's Office
Edwin L. Crawford County Office Building
P.O. Box 1766
Binghamton, New York 13902-1766

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 alleging claims against individuals regarding his confinement at the Broome County Correctional Facility. The operative pleading is Plaintiff's Third Amended Complaint. Dkt. No. 58 ("Third Am. Compl."). Following review of the Third Amended Complaint under 28 U.S.C. § 1915A, District Judge Lawrence E. Kahn dismissed all claims against Defendants Harder and Global,

as well as Fourteenth Amendment claims regarding the alleged failure of Defendants to respond to complaints and failure to protect and claims that Plaintiff was harassed. Dkt. No. 67, pp. 5-8 & 11.[1] Thus, the only claims that survived review relate to an alleged use of excessive force by Defendants Crissell, Stephens, and Valls and the denial of medical care by Defendants Vandergerke[2] and Stephens. *Id.* at pp. 8-11.

Defendants Crissell, Stephens, and Valls have now filed a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. Dkt. No. 245. As part of the Motion, Defendants separately filed medical records related to Plaintiff's confinement. Dkt. No. 247. Plaintiff opposes the Motion. Dkt. Nos. 248, 257, & 265. Defendants have served a reply in further support of the Motion. Dkt. No. 253. Based upon the following analysis, the Court recommends that Defendants' Motion for Summary Judgment be **denied**, but further recommends that the matter be scheduled for a hearing regarding Defendant's exhaustion defense.

## I. FACTUAL BACKGROUND

In September 2011, Plaintiff was in custody at the Broome County Correctional Facility. Third Am. Compl., "Statement of Claim" at ¶¶ 1 & 3. On September 15, 2011, Defendants Crissell and Stephens were involved in escorting Plaintiff from his cell to the medical unit. *Id.* at ¶ 5; Dkt No. 245-4, Affidavit of Philips Stephens ("Stephens Aff'd"),

---

[1] Defendant Brown was subsequently dismissed after moving to dismiss the claims against him. Dkt. No. 161.

[2] Defendant Vandergerke has never been served with process in this case.

¶ 2; Dkt. No. 245-5, Affidavit of Jonathan Crissell ("Crissell Aff'd"), ¶ 4.  Beyond these basic facts, the remaining relevant facts are disputed by the parties.  Plaintiff claims that Defendant Valls was also part of this escort, but Defendants deny this claim.  Dkt. No. 265 at ¶¶ 3 & 6; Stephens Aff'd at ¶ 5; Crissell Aff'd at ¶ 5; Dkt. No. 245-7, Affidavit of Adam Valls ("Valls Aff'd"), ¶ 3.[3]  Plaintiff alleges that during the escort Defendants Crissell, Stephens, and Valls physically assaulted him while making reference to the publicized crime for which he was incarcerated.  Third Am. Compl., ¶¶ 8, 11-19; Dkt. 248, p. 7.  He alleges that he was severely injured during the assault and upon being brought to the medical unit he was denied medical treatment.  Dkt. 265, ¶ 9.  Defendants contend that the escort was uneventful and involved no use of force.  Stephens Aff'd at ¶ 3; Crissell Aff'd at ¶ 4.  The provided medical records show that upon arriving at the medical unit Plaintiff had no obvious signs of injury.  *See* Dkt. No. 247.

## II. SUMMARY JUDGMENT STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The moving party bears the burden to

---

[3] In their reply papers Defendants suggest that the Court should not consider Plaintiff's papers in opposition to the Motion for Summary Judgment because they are not sworn to and fail to present admissible evidence.  The Court rejects this invitation for two reasons.  First, Plaintiff's initial submission opposing the motion, though not notarized purports to be sworn to under penalty of perjury.  Dkt. No. 258 at p. 2.  Second, in deference to their *pro se* status, Courts in this district often consider unsworn statements from *pro se* plaintiffs with respect to summary judgment in circumstances similar to those presented here.  *See, e.g, Riehl v. Martin*, 2014 WL 1289601, at *5–6 (N.D.N.Y. Mar. 31, 2014) (citing cases).  Moreover, courts often treat a verified complaint, such as Plaintiff's, as an affidavit for purposes of opposing summary judgment.  *Id.*

demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted)). "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(a) & (c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58

F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, "the court must 'resolve all ambiguities and draw all factual inferences in favor of'" the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998) (quoting *Adams v. Dep't of Justice of the City of N.Y.*, 143 F.3d 61, 65 (2d Cir. 1998) (alterations omitted). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read his [or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

### III. DISCUSSION

Defendants seek summary judgment on two grounds. First, that Plaintiff failed to

exhaust his administrative remedies as required prior to suit. Dkt. No. 245-15, Defs.' Mem. of Law at pp. 3-4. Second, that the evidence offered by Defendants establishes that excessive force was not used against Plaintiff. *Id.* at pp. 5-6. The Court will address each of those grounds separately.

### A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016); *Williams v. Priatno*, 829 F.3d 118, 123 (2d Cir. 2016). The defendant bears the burden of proving a failure to exhaust administrative remedies. *Smith v. Kelly*, 985 F. Supp. 2d 275, 284 (N.D.N.Y. 2013)

The failure to exhaust will be excused only if there was not truly an "available" means by which to exhaust the claim. *Ross v. Blake*, 136 S. Ct. at 1859. Once Defendants have established the existence of a viable exhaustion procedure, the burden shifts to Plaintiff to establish that resort to the established grievance procedure was actually not available to him

within the meaning of *Ross*. *Gilpin v. Jones*, 2017 WL 6558658, at *4 (W.D. Wash. Dec. 1, 2017), *report and recommendation adopted*, 2017 WL 6558182 (W.D. Wash. Dec. 22, 2017); *Washington v. Rounds*, 2016 WL 7015666, at *5 (D. Md. Nov. 30, 2016) (citing cases). In support of summary judgment, Defendants have offered evidence of the inmate grievance policies and procedures at Broome County Correctional Facility. Dkt. No. 245-7, Affidavit of William Brown ("Brown Aff'd"). Mr. Brown was the inmate grievance officer at the facility and provided a copy of the inmate grievance procedures, which requires the filing of a grievance within five days of the incident to be grieved. *Id.* at Ex. E. This satisfies Defendants' burden of establishing the existence of a viable exhaustion procedure.

The records of the Broome County Correctional Facility do not show that Plaintiff filed a grievance regarding this incident. Brown Aff'd at ¶¶ 6-7 & Ex. G. Thus absent a justifiable excuse, Defendants' Motion based on non-exhaustion should be granted. Plaintiff, however, contends that he attempted to grieve the assault by handing a grievance directly to Mr. Brown. Dkt. No. 248 at p. 5. Plaintiff alleges that Brown then ripped up his grievance. *Id.* Brown denies that he tampered in any way with a grievance by Plaintiff. Dkt No. 253, Reply Aff'd of William Brown ("Brown Reply Aff'd"), ¶ 3.

*Ross* recognized three circumstances under which the ability to exhaust might not be available to an inmate. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Ross*

*v. Blake*, 136 S. Ct. at 1859. "Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* Third, a remedy is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860.

The intentional destruction of an inmate's grievance would constitute the thwarting of an inmate's ability to take advantage of the grievance process and excuse the failure to grieve. *Curtis v. Bola,* 2016 WL 7735755, at *10 (N.D.N.Y. Nov. 1, 2016), *report and recommendation adopted*, 2017 WL 120945 (N.D.N.Y. Jan. 12, 2017) (citing *Ross v. Blake*, 136 S. Ct. at 1860). Here, the record presents a question of fact as to whether or not Plaintiff exhausted his administrative remedies. Plaintiff contends that he gave Officer Brown a grievance that was then ripped up. Dkt. 248 at p. 5. As noted, Officer Brown denies the allegation. Brown Reply Aff'd at ¶ 3. "When questions of fact and issues of credibility exist regarding the failure to exhaust administrative remedies, a court should neither engage in fact finding nor make determinations as to credibility in addressing a defendant's motion for summary judgment for failure to exhaust." *Curtis v. Bola*, 2016 WL 7735755, at *9.

In light of this factual dispute the Court recommends denying Defendants' Motion for Summary Judgment. The Court further recommends that, pursuant to *Messa v. Goord*, 652 F.3d 305 (2d Cir. 2011), an evidentiary hearing regarding the exhaustion question be held. *Curtis v. Bola*, 2016 WL 7735755, at *10. At that hearing the Court can properly assess the

credibility of the witnesses and make the appropriate determination.

## B. Excessive Force

At the time of the alleged incident, Plaintiff was a pretrial detainee at Broome County Correctional Facility. Defs.' Mem. of Law at p. 5. His excessive force claim, therefore, is properly analyzed under the 14th Amendment Due Process Clause rather than the 8th Amendment's Cruel and Unusual Punishments Clause. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). To establish such a claim "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Holland v. City of New York*, 197 F. Supp. 3d 529, 545 (S.D.N.Y. 2016) (citing *Ross v. Correction Officers John & Jane Does 1–5*, 610 Fed. Appx. 75, 76 n. 1 (2d Cir.2015)). Assessing the objective reasonableness of any use of force in this context necessarily depends on the facts and circumstances of each case, but relevant factors include

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "[I]f the use of force is deliberate—i.e., purposeful and knowing—the pretrial detainee's claim may proceed." *Parson v. Barboza*, 2016 WL 7261550, at *5 (N.D.N.Y. June 28, 2016), *report and recommendation adopted*, 2016 WL 4398522 (N.D.N.Y. Aug. 18, 2016).

The record in this case presents quintessential fact questions that cannot be resolved on summary judgment. Plaintiff's version of events involves a completely unprovoked, deliberate assault, resulting in injury. Third Am. Compl., ¶¶ 8, 11-19; Dkt. 248, p. 7. Defendants on the other hand contend that the escort was "without incident." Crissell Aff'd at ¶ 4. Defendants further contend that there was no assault and Plaintiff was escorted to the medical unit without injury. *Id.*; Stephens Aff'd ¶¶ 4 & 6; Valls Aff'd at ¶ 4. The conflicting versions present a classic credibility question best resolved at trial, not on summary judgment.

Despite this clear factual conflict, Defendants submit that summary judgment is appropriate because the record evidence so clearly contradicts Plaintiff's version of events that the Court can grant summary judgment in reliance on *Jeffreys v. City of New York*, 426 F.3d 549 (2d Cir. 2005). Defs.' Mem. of Law at p. 5. In *Jeffreys*, the Second Circuit held that the plaintiff's uncorroborated version of events was so improbable that "[n]o reasonable person would undertake the suspension of disbelief necessary to give credit to the allegations made in [the] complaint." 426 F.3d 549, 555 (2d Cir. 2005). On this record, reliance on *Jeffreys* is not appropriate.

*Jeffreys* represents a "narrow exception" to the general rule that credibility determinations should not be made on a summary judgment motion. *Juarbe v. Carnegie*, 2018 WL 1441331, at *1 (N.D.N.Y. Mar. 22, 2018). Courts typically look to three factors in assessing the appropriateness of reliance on this exception. Generally, "the *Jeffreys*

exception applies when 1) the plaintiff relies almost exclusively on his own testimony; 2) the plaintiff's testimony is contradictory or incomplete; and 3) the plaintiff's testimony is contradicted by the evidence produced by the defense." *Pierrot v. Hahn*, 2017 WL 4221117, at *4 (N.D.N.Y. July 28, 2017), *report and recommendation adopted*, 2017 WL 4221072 (N.D.N.Y. Sept. 21, 2017) (quoting *Morris v. Plummer*, 2011 WL 1135936, at *9 (N.D.N.Y. Mar. 2, 2011)).

The first of these factors supports Defendants' position since Plaintiff relies solely on his own testimony here. But this alone is not dispositive. *Kilmartin v. Schaffer*, 2013 WL 5929447, at *6 (N.D.N.Y. Nov. 1, 2013). Regarding the second factor, in this case, unlike the facts in *Jeffreys*, Plaintiff has consistently put forth the same allegations of excessive force and Defendants have not suggested or cited to any contradictory or incomplete accounts given by the plaintiff. This level of consistency counsels against applying *Jeffreys*. *Payne v. Coburn*, 2017 WL 4330372, at *9 (N.D.N.Y. Aug. 29, 2017), *report and recommendation adopted*, 2017 WL 4326079 (N.D.N.Y. Sept. 27, 2017); *Mattison v. Decker*, 2012 WL 398812, at *7 (N.D.N.Y. Jan. 11, 2012), *report and recommendation adopted*, 2012 WL 386627 (N.D.N.Y. Feb. 7, 2012). Also unlike in *Jeffreys*, the Plaintiff has specifically identified the Defendants who he claims were involved in escorting and assaulting him. *Pierrot v. Hahn*, 2017 WL 4221117, at *5.

As to the third relevant factor, Defendants' affidavits clearly contradict Plaintiff's version of events. The available medical records provided by Defendants, however, do not

directly do so. The records supplied on the Motion clearly raise questions about the facts as alleged by Plaintiff since they do not document any apparent injuries. *See generally* Dkt. No. 247. This fact alone, however, is not sufficient to warrant summary judgment because, as Judge Kahn has already found, Plaintiff's complaint also alleges that he was intentionally denied medical treatment by Defendants Phillips and Vandergerke. *See* Dkt. No. 67 at p. 10.[4] Viewed in the light most favorable to Plaintiff, this allegation could explain the absence of any medical records evidencing an assault. Moreover, courts do not require, in every instance, "that injuries caused by the alleged use of excessive force be corroborated by medical records." *Berman v. Durkin*, 2017 WL 1215814, at *10 (N.D.N.Y. Mar. 10, 2017), *report and recommendation adopted*, 2017 WL 1207834 (N.D.N.Y. Mar. 31, 2017) (citing *Ninortey v. Shova*, 2008 WL 4067107, at *12 (S.D.N.Y. Sept. 2, 2008)); *see also McClemore v. Bosco*, 2018 WL 1193308, at *23 (N.D.N.Y. Feb. 2, 2018), *report and recommendation adopted*, 2018 WL 1183384 (N.D.N.Y. Mar. 6, 2018) (recognizing "the well-established principle that the absence of any serious injury from an alleged assault by prison personnel, while relevant, does not necessarily negate a finding that force has been applied wantonly and maliciously.")

Given the diametrically opposing factual allegations regarding whether any force at all was used, it is recommended that Defendants' Motion for Summary Judgment be denied.

---

[4] This Motion makes no argument for summary judgment on the merits of this claim.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motions for Summary Judgment (Dkt. No. 245) be **DENIED**; and it is further

**RECOMMENDED**, that an evidentiary hearing be held regarding whether Plaintiff exhausted his administrative remedies; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[5] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Date: April 18, 2018
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[5]If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).