UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JERMAINE McGINNIS,

                Plaintiff,

  -against-                                            9:13-CV-1538 (LEK/DJS)

JONATHAN D. CRISSELL, *et al.*,

                Defendants.

**DECISION AND ORDER**

**I.    INTRODUCTION**

This action comes before the Court following a report-recommendation and order filed on April 18, 2018, by the Honorable Daniel J. Stewart, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 268 ("Report-Recommendation"). Plaintiff and Defendants timely filed objections, Dkt. Nos. 269 ("Plaintiff's Objections"), 270 ("Defendants' Objections"). Defendants also ask the Court to extend the dispositive motion deadline. Defs.' Objs. at 3–4.

**II.    BACKGROUND**

    **A.  Factual Background**

In September 2011, Plaintiff was an inmate at Broome County Correctional Facility. Dkt. No. 58 ("Third Amended Complaint") ¶¶ 1, 3.[1] On September 15, 2011, Plaintiff was escorted to

---

[1] Verified complaints such as the Third Amended Complaint may be treated as affidavits when opposing summary judgment. Riehl v. Martin, No. 13-CV-439, 2014 WL 1289601, at *5 (N.D.N.Y. Mar. 31, 2014) (citing Colon v Coughlin, 58 F.3d 865, 872 (2d Cir. 1995)).

Broome County's medical unit from his cell. Id. ¶ 5; Dkt. No. 245-4 ("Stephens Affidavit") ¶ 2; Dkt. No. 245-5 ("Crissell Affidavit") ¶ 4.

Plaintiff claims that defendants Crissell, Stephens, and Valls physically assaulted him on the way to the medical unit, while referencing the crimes for which he was incarcerated. Id. ¶¶ 8, 11–19. These defendants deny such an assault took place. Dkt. No. 265 ("RSMF") ¶¶ 3, 6; Stephens Aff. ¶ 5; Crissell Aff. ¶ 5; Dkt. No. 245-7 ("Valls Affidavit") ¶ 3. Plaintiff claims he was denied medical treatment for the injuries he sustained during the assault when he reached the medical unit. RSMF ¶ 9. The medical records submitted as evidence by Defendants do not show any "obvious signs of injury" to Plaintiff at the time he arrived at the medical unit. Dkt. No. 247 ("Medical Records").

Plaintiff maintains that defendant Vandegreke examined Plaintiff when he arrived at the medical unit after the alleged assault. Dkt. No. 248 ("Response") at 11. Defendants claim Plaintiff was examined by Larry Dutcher, not Vandegreke, and that Vandegreke was never in the medical wing during Plaintiff's stay. Defs.' Objs. at 3. Shortly after Plaintiff was released from the medical unit, he claims to have hand-delivered a complaint to grievance officer William Brown regarding the alleged assault. Third Am. Compl. ¶¶ 31–34; RSMF ¶ 17. Plaintiff asserts that Brown ripped up the grievance. Resp. at 5. Brown denies tampering with the grievance, and Broome County records do not indicate that Plaintiff filed a grievance regarding this incident. Dkt. No. 253 ("Brown Reply Affidavit") ¶¶ 3, 6–7.

**B. Procedural Background**

Plaintiff filed the Third Amended Complaint in October 2014. Third Am. Compl. Defendants moved for summary judgment, stating that Plaintiff failed to exhaust administrative

2

remedies under the Broome County Correctional Facility grievance process, and challenging his excessive force claim. Dkt. No. 245 ("Summary Judgment Motion"). Judge Stewart recommended that this Court deny the Summary Judgment Motion and hold an evidentiary hearing regarding Plaintiff's failure to exhaust administrative remedies. R. & R. at 13. Both parties objected to the recommendation of an evidentiary hearing, and Defendants objected to the denial of summary judgment. Pl.'s Objs.; Defs.' Objs.; Dkt. No. 272 ("Plaintiff's Supplemental Objections"). In addition to objecting to the Report-Recommendation, Defendants asked the Court to extend the dispositive motion deadline. Defs.' Objs. at 3–4.

## III. LEGAL STANDARD

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation for clear error only. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply

3

reiterating a prior argument.") "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

## IV. DISCUSSION

### A. Defendants' Objections

#### 1. *Evidentiary Hearing*

Defendants argue that an evidentiary hearing is unwarranted because Judge Stewart inappropriately applied Curtis v. Bola, No. 15-CV-718, 2016 WL 7735755, at *10 (N.D.N.Y. Nov. 1, 2016), adopted by 2017 WL 120945 (Jan. 12, 2017), to find that Plaintiff may have been unable to exhaust administrative remedies. Defs.' Objs. at 1; see also R. & R. at 8–9. The Court reviews this objection de novo.

Curtis involved a plaintiff who filed several grievances while incarcerated at the Clinton Correctional Facility. Id. at *1. The Inmate Grievance Program ("IGP") supervisor issued unfavorable findings regarding these grievances. Id. at *4. The plaintiff alleged that he appealed the grievances, but prison administrators destroyed the appeal documents. Id. The defendants maintained that no appeals were ever filed. Id. at *5.

The Curtis court applied the rule announced by the Supreme Court in Ross v. Blake, 136 S.Ct. 1850, 1862 (2016), regarding the unavailability of an inmate's grievance procedures. Id. at *8. Under Ross, there are three scenarios in which a plaintiff may be unable to exhaust grievance procedures. 136 S.Ct. at 1853. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id. "Next, an administrative scheme might be so opaque that it becomes, practically speaking,

incapable of use." Id. at 1853–54. Third, exhaustion is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. The court in Curtis held that the plaintiff's claim that his appeals were destroyed by the IGP staff raised a question of fact as to whether an administrative procedure was "available" to him under the third scenario described in Ross. Curtis, 2016 WL 7735755, at *10.

In the Report-Recommendation, Judge Stewart, referencing Curtis, concluded that "the intentional destruction of an inmate's grievance would constitute the thwarting of an inmate's ability to take advantage of the grievance process and excuse the failure to grieve." R. & R. at 8. Defendants argue that, unlike in Curtis, Plaintiff was unable to produce copies of his grievance as evidence, which suggests that he never filed a grievance. Defs.' Objs. at 1. However, crediting Plaintiff's version of events, as the Court must do at this stage, Plaintiff may have handed a copy of the grievance to Brown, who then destroyed it. Resp. at 5. The fact that Plaintiff may have produced less evidence to support this assertion than the plaintiff in Curtis, as Defendants suggest, Defs.' Objs. at 1–2, does not alter this conclusion.

Accordingly, the Court adopts Judge Stewart's well-reasoned conclusion that Plaintiff has raised a triable issue of material fact regarding whether his failure to exhaust was excused, and that an evidentiary hearing is necessary to resolve this factual dispute. See Curtis, 2016 WL 7735755, at *9 ("When questions of fact and issues of credibility exist regarding the failure to exhaust administrative remedies, a court should neither engage in fact finding nor make determinations as to credibility in addressing a defendant's motion for summary judgment for failure to exhaust." (collecting cases)). The case is referred to Judge Stewart to conduct an

5

evidentiary hearing regarding Plaintiff's exhaustion of administrative remedies.

The Court also directs Judge Stewart to appoint counsel to assist Plaintiff at this hearing. See, e.g., Nelson v. Plumley, No. 12-CV-422, 2014 WL 4659327, at *1 (N.D.N.Y. Sept. 17, 2014) (recommending that the magistrate judge appoint counsel to represent the inmate at an evidentiary hearing); Sanderson v. Galletta, No. 14-CV-439, 2016 WL 1756909, at *2 (N.D.N.Y. May 3, 2016) (ordering the appointment of counsel at an evidentiary hearing).

### 2. *Excessive Force Claims*

In support of their Summary Judgment Motion, Defendants argues that, although a factual dispute nominally exists regarding Plaintiff's excessive force claims, the available evidence so clearly contradicts Plaintiff's version of events that the Court should grant summary judgment. Dkt. No. 245-15 ("Summary Judgment Memorandum") at 5. Defendants' Objections on this subject retread the same arguments made in support of their Summary Judgment Motion. Defs.' Objs. at 2–3. Because Defendants have merely reiterated previous arguments, the Court reviews this portion of the Report-Recommendation for clear error and finds none.

### 3. *Denial of Medical Care Claim*

Defendants challenge Judge Stewart's statement that the Summary Judgment Motion did not address Plaintiff's denial of medical care claim. Defs.' Objs. at 4–5; R. & R. at 12 n.4. Defendants state that they failed to challenge the claim because Plaintiff created "confusion" by incorrectly referring to defendant Phillip Stephens, one of two defendants named in the denial of medical care claim, as "Officer Phillips," and by never "properly serv[ing]" Stephens. Id. However, Defendants could have raised this argument before Judge Stewart. "In this . . . circuit it is established law that a district judge will not consider new arguments raised in objections to a

magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Zhao v. State Univ. of N.Y., No. 04-CV-210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011). Accordingly, the Court adopts Judge Stewart's recommendation with respect to the denial of medical care claim and will not dismiss this claim.

Moreover, nestled in Defendants' objection regarding this claim is a request for the Court to extend the dispositive motion deadline to permit Defendants to move for summary judgment on the claim against Stephens in light of Defendants' confusion regarding Stephens's identity. Defs.' Objs. at 3–4. However, the Court clarified Stephens' identity months before Defendants moved for summary judgment. On March 8, 2017, the Court notified the parties in this action that any "Steven Phillips" previously mentioned in Plaintiff's complaint and subsequent filings should be construed as "Phillip Stephens." Dkt. No. 208. Stephens also acknowledged service of the summons and the Third Amended Complaint on March 31, 2017. Dkt. No. 212. Defendants filed their Summary Judgment Motion in November 2017, Summ. J. Mot., at which point they should have known that Stephens was one of the defendants named in Plaintiff's denial of medical care claim. Accordingly, the Court denies Defendants' request for an extension of the dispositive motion deadline.

### B. Plaintiff's Objections

Within fourteen days[2] after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). "[E]ven a *pro se* party's

---

[2] *Pro se* plaintiffs are afforded an additional three days to serve objections, in addition to the fourteen days normally allowed for objections to be filed. Fed. R. Civ. P. 6(d).

objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply reiterating a prior argument." Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug 25, 2011). "A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2).

Plaintiff's Objections largely target arguments that Defendants made in support of their Summary Judgment Motion. Pl.'s Objs. For instance, Plaintiff states that, contrary to Defendants' assertion, Dkt. No. 253-1 ("Summary Judgment Reply") at 1, Plaintiff's brother visited him following the assault that forms the basis of his excessive force claim, Pl.'s Objs. Plaintiff also challenges Defendants' criticism that Plaintiff's response brief was unsworn, Summ. J. Reply at 1, by stating that he drafted his response "in the hospital where there was no notary available so I did a poor man's notary," Pl.'s Objs. Plaintiff's Supplemental Objections retread the same arguments. Pl.'s Suppl. Objs.

These objections do not directly address or conflict with the Report-Recommendation. Judge Stewart acknowledged that a substantial factual dispute exists regarding whether Plaintiff suffered an assault. R. & R. at 9–12. Moreover, while Plaintiff raises these objections to avoid an evidentiary hearing, the objections only discuss the evidence supporting his excessive force claim. Pl.'s Objs. Judge Stewart recommended an evidentiary hearing on the exhaustion issue, not the excessive force claim. R. & R. at 13. Therefore, these objections do not conflict with the Report-Recommendation, and do not serve as a basis for rejecting Judge Stewart's findings.

Plaintiff also objects to Judge Stewart's recommendation of an evidentiary hearing on the exhaustion issue because "there is nothing to address." Pl.'s Objs. However, Plaintiff does not

8

explain why he considers an evidentiary hearing unwarranted. On the basis of the record, as discussed above, the Court finds an evidentiary hearing to be necessary to determine whether Plaintiff exhausted his administrative remedies.

For these reasons, Plaintiff's objections do not provide a basis to reject any of Judge Stewart's findings or recommendations, and the Report-Recommendation is approved and adopted in its entirety.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 268) is **APPROVED and ADOPTED in its entirety**. Magistrate Judge Stewart is directed to conduct an evidentiary hearing regarding whether Plaintiff exhausted his administrative remedies, and to appoint counsel for Plaintiff to represent him during the hearing; and it is further

**ORDERED,** that Defendants' Motion for Summary Judgment (Dkt. No. 245) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    August 20, 2018
               Albany, New York

Lawrence E. Kahn
U.S. District Judge